UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────── x
LEAH ROTTENBERG,                   :  Civil Action No.:
                                   :
                  Plaintiff,       :
                                   :
        v.                         :
                                   :  COMPLAINT FOR VIOLATIONS OF THE
EQUIFAX INFORMATION SERVICES, LLC, :  FAIR CREDIT REPORTING ACT
TRANS UNION, LLC, and SYNCHRONY    :
BANK,                              :
                                   :
                                   :
                  Defendants.      :
                                   :
                                   :
                                   :
───────────────────────────────── x  <u>DEMAND FOR JURY TRIAL</u>

Leah Rottenberg ("Plaintiff") brings this action on an individual basis under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), seeking statutory and other damages against defendants Equifax Information Services, LLC, ("Equifax"), Trans Union, LLC ("Trans Union"), and Synchrony Bank ("Synchrony") (collectively, "Defendants"), and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

## NATURE OF THE ACTION

1. Defendants Equifax and Trans Union ("CRA Defendants") are credit reporting agencies ("CRAs") that have been reporting inaccurate information about Plaintiff's consumer background to numerous credit companies and persons, including inaccurate reporting with respect to the payment status of an account issued by Synchrony ("Furnisher Defendant").

2. Plaintiff disputed the reporting in writing through the channels established by CRA Defendants for disputing consumer credit information. CRA Defendants, in turn, and as required by statute, notified Furnisher Defendant of Plaintiff's dispute. Yet, despite receiving the dispute, or notice thereof, Defendants willfully continued to report the inaccurate information.

3. Defendants thus violated the express provisions of the FCRA. Upon receiving a consumer's dispute, credit bureaus (such as CRA Defendants) are legally required to: (i) conduct a reasonable investigation or reinvestigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, following the performance of the reasonable investigation, remove any inaccurate information.

4. Credit reporting agencies are statutorily obligated to notify furnishers of credit information (such as Furnisher Defendant) within five days of receiving a customer's dispute. The furnishers, in turn, are statutorily obligated to conduct an investigation and correct the misleading

information as necessary. It is thus reasonable to infer that Furnisher Defendant received notice of, yet willfully disregarded, Plaintiff's dispute.

5. CRA Defendants thus violated two different statutory provisions of the FCRA. First, they violated 15 U.S.C. §1681e(b), which requires credit bureaus to maintain reasonable procedures to ensure maximum possible accuracy in Plaintiff's consumer reports. Second, CRA Defendants violated 15 U.S.C. §1681i, which required them to conduct a reasonable reinvestigation into Plaintiff's dispute, report the account as disputed, and delete the inaccurate reporting, if necessary.

6. Likewise, Furnisher Defendant violated its statutory obligation to conduct a timely and reasonable investigation of Plaintiff's dispute. It is reasonable to infer that Equifax and Trans Union notified Synchrony of Plaintiff's disputes, as required by federal statute. *See id.* § 1681i(a)(2). Yet, instead of conducting an investigation and removing the inaccurate information, Synchrony improperly verified that the information in Plaintiff's credit report was accurate.

7. Accordingly, Plaintiff is entitled to actual, statutory, and punitive damages, and reasonable attorney's fees and expenses.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1681p, which states that "[a]n action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy[.]"

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), and because Defendants conduct a substantial and significant amount of business in this District and a

substantial portion of the conduct complained of herein occurred in this District, Defendants are subject to personal jurisdiction in this District.

## PARTIES

**Plaintiff**

10. Plaintiff Leah Rottenberg is a resident of Brooklyn, New York, and qualifies as a "consumer" as defined and protected by the FCRA (15 U.S.C. §1681a(c)). Plaintiff is an individual, not an entity.

**Defendants**

11. Defendant Equifax Information Services, LLC is a consumer reporting agency that regularly conducts business in this judicial district. Equifax has a principal place of business located at 1550 Peachtree Street, NW, Atlanta, GA 30309, is registered to do business in the State of New York, and may be served with process upon The Corporation Service Company, its registered agent for service of process at 80 State Street, Albany, NY, 12207. Defendant Equifax qualifies as a "consumer reporting agency" under 15 U.S.C. § 1681a(f), as it, by contractual agreement, disbursed consumer background reports for remuneration to third parties.

12. Defendant Trans Union, LLC is a consumer reporting agency that regularly conducts business in this judicial district. Trans Union has a principal place of business located at 555 West Adams, Chicago, IL 60661, is registered to do business in the State of New York, and may be served with process upon Prentice Hall Corp. Systems, Inc., its registered agent for service of process at 80 State Street, Albany, NY 12207. Defendant Trans Union qualifies as a "consumer reporting agency" under 15 U.S.C. § 1681a(f), as it, by contractual agreement, disbursed Plaintiff's consumer background reports for remuneration to third parties.

13. Defendant Synchrony Bank is a subsidiary of Synchrony Financial, a consumer financial services company that is publicly traded on the New York Stock Exchange and that

delivers customized financing programs across key industries including retail, health, auto, travel and home, along with consumer banking products. Synchrony provides a range of credit products through its financing programs via partnerships with a diverse group of national and regional businesses. Defendant Synchrony offers the customers of these partners a variety of credit products to finance the purchase of goods and services. During 2018, Synchrony financed $140.7 billion of purchase volume, and as of December 31, 2018, it had $93.1 billion of loan receivables and 80.3 million active accounts. Defendant Synchrony regularly conducts business in this district, qualifies as a "furnisher" of credit information as that term is used in 15 U.S.C. § 1681s-2(b) and has a principal place of business located at 777 Long Ridge Road, Stamford, Connecticut 06902.

## SUBSTANTIVE ALLEGATIONS

**The FCRA**

14. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information contained in their consumer credit reports. Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA, as follows:

> (1) The banking system is dependent upon fair *and accurate* credit reporting. *Inaccurate credit reports directly impair the efficiency of the banking system*, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.
>
> (2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.
>
> (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.
>
> (4) There is a *need to insure that consumer reporting agencies exercise their grave responsibilities with fairness*, impartiality, and a respect for the consumer's right to privacy.

15 U.S.C. 1681a (emphasis added).

15. The FCRA mandates CRAs to adhere to the following twin duties: (i) to set up reasonable procedures designed to assure maximum possible accuracy of information when preparing consumer reports; and (ii) to reinvestigate the facts and circumstances surrounding a consumer's dispute and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

16. CRA Defendants compile, maintain, and report information concerning Plaintiff's creditworthiness, credit-standing, credit capacity, character, and general reputation. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, the underwriting of insurance, and even housing.

17. Furnishers, after receiving notice of a consumer's dispute from a CRA that information was inaccurate, are required to conduct a reasonable investigation regarding the disputed information. When and if appropriate, following the performance of the reasonable investigation, furnishers are obligated to remove any inaccurate information.

18. Plaintiff has a legally protected interest in Defendants fulfilling their duties under the FCRA, so that the information is reported and maintained fairly, to support maximum levels of confidentiality, accuracy, and relevancy.

**Synchrony**

19. CRA Defendants issued consumer background reports concerning Plaintiff that included inaccurate information regarding the payment status of Plaintiff's Synchrony credit card account.

20. The Synchrony account was closed, the account balance was zero and Plaintiff's payment obligation to Synchrony ceased, yet, in nonsensical fashion, Defendants still reported the payment status of that account as "Account 120 Days Past Due Date" on Plaintiff's consumer

background reports. Said differently, the reporting of the account should not have contained the "Account 120 Days Past Due Date" language to describe the payment status considering that the account was showing a zero balance. Had Defendants performed a reasonable investigation, they would have determined that the account with a "$0" balance could not be late and past due, as such circumstances are inherently contradictory and nonsensical.

21. On December 2, 2019, Plaintiff sent a letter to CRA Defendants disputing the accuracy of the reporting of the Synchrony account. The payment status of the Synchrony account should not have contained the "Account 120 Days Past Due Date" language for the reasons stated above. This reporting is extremely misleading, as it causes lenders to believe Plaintiff is currently late on the payments for this account, negatively reflecting on Plaintiff's credit worthiness. This inaccuracy also misleads prospective lenders into believing that Plaintiff has an obligation to pay a monthly amount to Synchrony, when that is not so, ultimately giving the perception that Plaintiff's overall disposable monthly income is less than it really is.

22. It is reasonable to infer that CRA Defendants notified Synchrony about Plaintiff's disputes, as required by federal statute. Nevertheless, Synchrony failed to conduct a reasonable investigation with respect to the inaccurate "Account 120 Days Past Due Date" language and continued to report the incorrect payment status of the Synchrony account on Plaintiff's consumer background reports.

23. To make matters worse, Synchrony caused further harm by failing to mark the account as disputed as it was required to do.

**CRA Defendants' FCRA violations were willful, or at least negligent, and caused Plaintiff harm**

24. CRA Defendants have been selling credit reports concerning Plaintiff containing inaccurate information related to Plaintiff's account issued by Furnisher Defendant. This

inaccurate information negatively reflects upon Plaintiff, her credit repayment history, her financial responsibility as a consumer, and her overall creditworthiness.

25. After noticing the inaccuracies on her credit reports, Plaintiff submitted a written dispute through the channels established by CRA Defendants for disputing consumer credit information.

26. In response, CRA Defendants represented that they would continue to report the inaccurate information.

27. CRA Defendants, however, were required to conduct a reasonable investigation into Plaintiff's disputes. As part of any reasonable or even rudimentary investigation or reinvestigation, CRA Defendants should have then sent all the relevant evidence/facts to Furnisher Defendant and requested an explanation as to the reason the accounts/tradelines were being reported in an inaccurate manner.

28. Yet, CRA Defendants never: (i) contacted Plaintiff to follow up on, verify, and/or elicit more specific information about Plaintiff's dispute; (ii) contacted any third parties that would have relevant information concerning Plaintiff's dispute; (iii) forwarded any relevant information concerning Plaintiff's dispute to Furnisher Defendant; or (iv) requested or obtained any credit applications or other relevant documents from Furnisher Defendant.

29. CRA Defendants' failure to take any of these investigative steps in response to Plaintiff's disputes, and their failure to remove the inaccurate reporting highlighted in Plaintiff's dispute letters, was willful, or at least negligent.

30. CRA Defendants' violations harmed Plaintiff. After CRA Defendants refused to remove the damaging reporting, Plaintiff was denied the extension of further credit because of the inaccurate reporting.

31. Defendants continue to publish inaccurate information in Plaintiff's consumer credit reports.

**CRA Defendants failed to maintain adequate policies and procedures**

32. CRA Defendants systematically violated the FCRA by failing to adhere to and maintain reasonable procedures to assure the maximum possible accuracy of the information in the consumer background reports they published.

33. Upon receiving Plaintiff's disputes, CRA Defendants were required to: (i) conduct a reasonable investigation or reinvestigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation.

34. CRA Defendants failed to take any of these steps in violation of the FCRA, and Plaintiff is entitled to damages. Plaintiff has suffered actual damages through harm to Plaintiff's consumer background reputation and overall credit score, by missing credit opportunities, and by being denied the ability to procure additional credit.

## CAUSES OF ACTION

### COUNT I

**Against CRA Defendants for Violations of the FCRA, 15 U.S.C. §§ 1681e and 1681i**

35. Plaintiff incorporates by reference the preceding allegations as though fully set forth herein.

36. The FCRA imposes a duty on credit reporting agencies to devise and implement procedures to assure the "maximum possible accuracy" of credit reports, as follows:

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates.

15 U.S.C. §1681e(b).

37. Upon receiving a consumer's dispute, credit bureaus are legally required to conduct an investigation and correct the disputed information contained in the report, as follows:

> …if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency *is disputed by the consumer* and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, *the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information*, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

*Id.* §1681i(a)(1).

38. Credit reporting agencies are further required to provide prompt notice of the consumer's dispute to the furnisher of the disputed information, as follows:

> (A) *In general.* **Before the expiration of the 5-business-day period** beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), *the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person*. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

*Id.* §1681i(a)(1) (emphasis added).

39. In violation of §§ 1681e(b) and 1681(i), CRA Defendants failed to follow reasonable procedures to ensure maximum possible accuracy of the information attributable to Plaintiff by reporting inaccurate information in Plaintiff's consumer background reports. Plaintiff disputed the inaccurate information, and still, CRA Defendants willfully, intentionally, recklessly, and negligently failed to perform a reasonable investigation and remove the inaccurate information.

40. In violation of § 1681o and § 1681n, CRA Defendants' conduct was a direct and proximate cause of Plaintiff's injury, and they are therefore liable to Plaintiff for their negligent and willful failures to follow reasonable policies and procedures. As a result of CRA Defendants'

violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

### Against Furnisher Defendant for Violations of the FCRA, 15 U.S.C. §§ 1681s-2(b)

41. Plaintiff incorporates by reference the preceding allegations as though fully set forth herein.

42. Upon receiving notice of a dispute from a credit reporting agency, furnishers are required to conduct an investigation and correct the misleading information as necessary, as follows:

> After receiving notice pursuant to 15 U.S.C. § 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –
>
> (A) ***conduct an investigation with respect to disputed information***;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to § 1681i(a)(2) of this title;
>
> (C) report the results of the investigation to the consumer reporting agency; [and]
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information…

15 U.S.C. § 1681s-2(b) (emphasis added).

43. Furnisher Defendant failed to conduct timely and reasonable investigations of Plaintiff's dispute after receiving notice of Plaintiff's dispute from CRA Defendants. Furnisher Defendant have further willfully, intentionally, recklessly, and/or negligently continued to report such inaccurate information to CRA Defendants.

44. Instead of removing the inaccurate information, Furnisher Defendant improperly confirmed the inaccurate information that they have been reporting.

45. Furnisher Defendant's conduct was a direct and proximate cause of the damages suffered by Plaintiff. As a result of Furnisher Defendant's misconduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

46. As a result of Furnisher Defendant's misconduct, Plaintiff is entitled to statutory, actual, and punitive damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

A. awarding Plaintiff statutory money damages, actual damages, and punitive damages, including pre-judgment and post-judgment interest;

B. awarding attorneys' fees and costs, and other relief; and

C. awarding such other relief as to this Court may seem just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

DATED: June 26, 2020  **COHEN & MIZRAHI LLP**
EDWARD Y. KROUB

　　　　　　　　　　　　　　　/s/ Edward Y. Kroub
　　　　　　　　　　　　　　　EDWARD Y. KROUB

MOSHE O. BOROOSAN
EDWARD Y. KROUB
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
T: (929) 575-4175
F: (929) 575-4195
dan@cml.legal
edward@cml.legal

*Attorneys for Plaintiff*