

Edward Y. Kroub – Attorney
300 Cadman Plaza W, 12th Floor
Brooklyn, NY 11201
P: 929-575-4175 | F: 929-575-4195
E: Edward@cml.legal | W: cml.legal

August 7, 2020

**VIA ECF**

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Rottenberg v. Equifax Information Services, LLC, et al.*
              No. 1:20-cv-02885-BMC

Dear Judge Cogan:

Plaintiff Leah Rottenberg ("Plaintiff") and defendant Synchrony Bank ("Synchrony")[1] respectfully submit this joint letter pursuant to the Court's notice of an initial pretrial conference scheduled for August 12, 2020.

**Description of the Action**

    **Plaintiff's Statement**

This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

Synchrony furnished inaccurate credit information about Plaintiff that was included on Plaintiff's Equifax and TransUnion credit reports. Specifically, although the Synchrony account was closed with a $0 balance, Synchrony continued to report that the payment status of the account was "120 Days Past Due Date." This reporting is materially misleading and causes prospective lenders to believe that the Plaintiff is ***currently*** delinquent on her payments when that is not the case.

On December 2, 2019, Plaintiff submitted a written dispute through Equifax's FCRA compliance channel and asked for the removal of the late payment notation. Equifax forwarded the dispute to Synchrony, as required by the FCRA, thus triggering Synchrony's statutory obligation to conduct an investigation, mark the account as disputed, and update the reporting as

---

[1] The complaint also asserted claims against defendant Equifax Information Services, LLC and TransUnion, LLC. Those claims have been resolved.

Hon. Brian M. Cogan
August 7, 2020
Page 2

necessary. As alleged, Synchrony failed to conduct an investigation, failed to mark the account as disputed, and failed to remove the misleading late payment notation. Had it conducted an investigation, it would have determined that an account that is closed with a $0 balance cannot also be 120 days late.

Plaintiff was alter denied an extension of credit based on information, and her ability to access credit continues to be curtailed.

### Defendant Synchrony's Statement

Synchrony is still completing its internal investigation into Plaintiff's claims and its possible defenses in this matter. At this point, Synchrony is anticipating that its investigation will show that it has been furnishing accurate information regarding Plaintiff's account, and that its investigations into Plaintiff's disputes, to the extent that any were received, were reasonable pursuant to 15 U.S.C. §1681s-2(b).

Plaintiff seems to advancing an unreasonable position based on an inaccurate reading of her own credit reports. Simply put, Plaintiff wants Synchrony to whitewash her credit history simply because her account currently has a $0 balance. Plaintiff seems to contend that Synchrony cannot furnish any other accurate information concerning an account with a $0 balance: this position contrary to law and established industry guidelines for the reporting of the accounts. Synchrony expects that discovery will show two things: first, that Plaintiff was in fact multiple months delinquent on the account prior to it being closed and the balance reaching $0; and second that the reporting of the account history will accurately show when Plaintiff was delinquent on the account.

Synchrony denies liability under the FCRA on the basis that the account information furnished was accurate and that its investigations and responses to Plaintiff's disputes, if any, were reasonable. Synchrony denies that Plaintiff ever contacted Synchrony directly to dispute the account information, thereby triggering its obligations to mark Plaintiff's account as disputed. Synchrony denies that its conduct was a substantial factor in any of Plaintiff's alleged damages, to the extent that she was ever denied for new credit after she allegedly disputed the account.

### Contemplated Motions

### Plaintiff

Plaintiff contemplates the filing of a motion for summary judgment and/or motions in limine.

### Defendant Synchrony

Synchrony anticipates filing an appropriate motion for summary judgment and reserves the right to file any appropriate pre-trial motions in this matter.

| | |
|---|---|
| DATED:  August 7, 2020 | **COHEN & MIZRAHI LLP** |

                                                                                         /s/ Edward Y. Kroub
                                                                                          EDWARD Y. KROUB

DANIEL C. COHEN
EDWARD Y. KROUB
MOSHE O. BOROOSAN
300 Cadman Plaza West, 12th Floor
Brooklyn, NY  11201
Telephone:  929/575-4175
929/575-4195 (fax)
dan@cml.legal
edward@cml.legal
moshe@cml.legal

*Attorneys for Plaintiff*


REED SMITH LLP

                                                /s/ Avery I. Normyle
                                                AVERY I. NORMYLE

*Attorney for Synchrony Bank*