UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEAH ROTTENBERG,<br>      Plaintiff,<br><br>    vs.<br><br>EQUIFAX INFORMATION SERVICES LLC,<br>TRANS UNION LLC, and SYNCHRONY<br>BANK,<br><br>      Defendants. | Civil Action No.: 20-cv-02885 (BMC)<br><br>**DEFENDANT SYNCHRONY BANK'S<br>ANSWER AND AFFIRMATIVE<br>DEFENSES** |

Defendant Synchrony Bank ("Synchrony"), by and through its undersigned counsel, files its Answer and Affirmative Defenses to Plaintiff's Complaint ("Complaint") stating as follows:

In answering the Complaint, Synchrony states that it is responding to allegations on behalf of itself only. Synchrony denies any and all allegations not specifically admitted herein.

### AS TO NATURE OF THE ACTION

1. The allegations set forth in Paragraph 1 are not directed towards Synchrony, therefore no response is required. Further, the allegations in Paragraph 1 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, therefore, denies the allegations.

2. To the extent that the allegations in Paragraph 2 are directed towards Synchrony, Synchrony responds that the allegations in Paragraph 2 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony admits only that it received notice of a dispute relating to Plaintiff's Walmart branded credit card account (the "Account"). Synchrony denies that it ever willfully furnished inaccurate

information relating to Plaintiff's account. To the extent that the allegations are directed towards the other Defendants, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, therefore, denies the allegations.

3. The allegations set forth in Paragraph 3 are not directed towards Synchrony, therefore no response is required. Further, the allegations in Paragraph 3 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, therefore, denies the allegations.

4. To the extent that the allegations in Paragraph 4 are directed towards Synchrony, Synchrony denies the allegations. To the extent that the allegations are directed towards the other Defendants, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, denies the allegations.

5. The allegations set forth in Paragraph 5 are not directed towards Synchrony, therefore no response is required. Further, the allegations in Paragraph 5 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, denies the allegations.

6. The allegations set forth in Paragraph 6 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations in Paragraph 6. By way of further response, Synchrony denies that it furnished inaccurate information relating to Plaintiff or the Account at any point.

7. Synchrony denies the allegations in Paragraph 7. By way of further response, Synchrony denies that Plaintiff is entitled to any relief claimed in the Complaint, or any relief whatsoever.

## AS TO JURISDICTION AND VENUE

8. The allegations set forth in Paragraph 8 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony admits that this Court has jurisdiction over Plaintiff's claims.

9. The allegations set forth in Paragraph 9 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies that venue is proper in this district.

## AS TO PARTIES

10. The allegations set forth in Paragraph 10 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, denies the allegations.

11. The allegations set forth in Paragraph 11 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, therefore, denies the allegations.

12. The allegations set forth in Paragraph 12 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, therefore, denies the allegations.

13. The allegations set forth in Paragraph 13 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony admits only that it is a subsidiary of Synchrony Financial. Synchrony denies the remaining allegations in Paragraph 13.

## AS TO SUBSTANTIVE ALLEGATIONS

14. In response to Paragraph 14, Synchrony answers that the plain text of the FCRA speaks for itself: Synchrony denies the allegations to the extent Plaintiff misquotes, misstates, mischaracterizes, misrepresents or takes out of context the content of the FCRA, and denies any remaining allegations in Paragraph 14.

15. The allegations set forth in Paragraph 15 are not directed towards Synchrony, therefore no response is required. Further, the allegations in Paragraph 15 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, denies the allegations.

16. The allegations set forth in Paragraph 16 are not directed towards Synchrony, therefore no response is required. Further, the allegations in Paragraph 16 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, denies the allegations.

17. The allegations set forth in Paragraph 17 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies that it failed to comply with any of its duties under the FCRA.

18. The allegations set forth in Paragraph 18 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies that it failed to comply with any of its duties under the FCRA.

19. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, denies the allegations.

20. In response to Paragraph 20, Synchrony states that in October of 2019, Synchrony transferred the Account to Capital One, N.A.; at the time of transfer the Account was several months delinquent due to the fact that Plaintiff had failed to make a payment on the Account since January of 2019. Synchrony denies that it furnished any inaccurate information relating to Plaintiff or the Account, and further denies that it furnished information relating to "payment status" relating to the account. By way of further response, Synchrony states that it is a furnisher, not a CRA, and does not "report" information, does not prepare or publish consumer credit reports, and did not "report" a "payment status" on Plaintiff's credit reports. Synchrony denies any remaining allegations not specifically admitted herein.

21. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 21 and, therefore, denies the allegations. By way of further response, Synchrony states that it is a furnisher, not a CRA, and does not "report" information, does not prepare or publish consumer credit reports, and did not "report" a "payment status" on Plaintiff's credit reports.

22. In response to Paragraph 22, Synchrony admits only that it received notice of a consumer dispute lodged by Plaintiff from at least one CRA. Synchrony denies that it failed to conduct a reasonable investigation into any dispute regarding Plaintiff or the Account. By

way of further response, Synchrony states that in October of 2019, Synchrony transferred the Account to Capital One, N.A.; at the time of transfer the Account was several months delinquent due to the fact that Plaintiff had failed to make a payment on the Account since January of 2019. Synchrony denies any remaining allegations not specifically admitted herein.

23. The allegations set forth in Paragraph 23 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies that it failed to comply with any of its duties under the FCRA and denies that it was ever under any obligation to "mark the account as disputed" as alleged.

24. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, denies the allegations.

25. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, denies the allegations.

26. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 26 and, therefore, denies the allegations.

27. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, denies the allegations. By way of further response Synchrony denies that it furnished any inaccurate information regarding Plaintiff or the Account.

28. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 28 and, therefore, denies the allegations. By way of further response, Synchrony states that in October of 2019, Synchrony transferred the Account to Capital One, N.A.; at the time of transfer the Account was several months

      delinquent due to the fact that Plaintiff had failed to make a payment on the Account since January of 2019.

29. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 29 and, therefore, denies the allegations. By way of further response, Synchrony states that in October of 2019, Synchrony transferred the Account to Capital One, N.A.; at the time of transfer the Account was several months delinquent due to the fact that Plaintiff had failed to make a payment on the account since January of 2019.

30. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 30 and, therefore, denies the allegations. By way of further response Synchrony denies that it furnished any inaccurate information regarding Plaintiff or the Account.

31. To the extent that the allegations in Paragraph 31 are directed towards Synchrony, Synchrony denies the allegations. By way of further response, Synchrony states that it is a furnisher, not a CRA, does not "report" information, and does not prepare or publish consumer credit reports. To the extent that the allegations are directed towards the other Defendants, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and, therefore, denies the allegations.

32. The allegations set forth in Paragraph 32 are not directed towards Synchrony, therefore no response is required. Further, the allegations in Paragraph 32 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and, therefore, denies the allegations.

33. The allegations set forth in Paragraph 33 are not directed towards Synchrony, therefore no response is required. Further, the allegations in Paragraph 33 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and, therefore, denies the allegations.

34. The allegations set forth in Paragraph 34 are not directed towards Synchrony, therefore no response is required. Further, the allegations in Paragraph 34 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, therefore, denies the allegations. By way of further response, Synchrony denies that Plaintiff is entitled to any relief claimed in the Complaint, or any relief whatsoever.

## AS TO COUNT I

35. Synchrony incorporates by reference its responses to the preceding Paragraphs of its Answer as though fully stated herein.

36. In response to Paragraph 36, Synchrony answers that the plain text of the FCRA speaks for itself: Synchrony denies the allegations to the extent Plaintiff misquotes, misstates, mischaracterizes, misrepresents or takes out of context the content of the FCRA, and denies any remaining allegations in Paragraph 36.

37. In response to Paragraph 37, Synchrony answers that the plain text of the FCRA speaks for itself: Synchrony denies the allegations to the extent Plaintiff misquotes, misstates, mischaracterizes, misrepresents or takes out of context the content of the FCRA, and denies any remaining allegations in Paragraph 37.

38. In response to Paragraph 38, Synchrony answers that the plain text of the FCRA speaks for itself: Synchrony denies the allegations to the extent Plaintiff misquotes, misstates, mischaracterizes, misrepresents or takes out of context the content of the FCRA, and denies any remaining allegations in Paragraph 38.

39. The allegations set forth in Paragraph 39 are not directed towards Synchrony, therefore no response is required. Further, the allegations in Paragraph 39 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and, therefore, denies the allegations.

40. The allegations set forth in Paragraph 40 are not directed towards Synchrony, therefore no response is required. Further, the allegations in Paragraph 40 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and, therefore, denies the allegations. By way of further response, Synchrony denies that Plaintiff is entitled to any relief claimed in the Complaint, or any relief whatsoever.

**AS TO COUNT II**

41. Synchrony incorporates by reference its responses to the preceding Paragraphs of its Answer as though fully stated herein.

42. In response to Paragraph 42, Synchrony answers that the plain text of the FCRA speaks for itself: Synchrony denies the allegations to the extent Plaintiff misquotes, misstates, mischaracterizes, misrepresents or takes out of context the content of the FCRA, and denies any remaining allegations in Paragraph 42.

43. Synchrony denies the allegations in Paragraph 43.

44. Synchrony denies the allegations in Paragraph 44.

45. The allegations set forth in Paragraph 45 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations in Paragraph 45. By way of further response, Synchrony denies that Plaintiff is entitled to any relief claimed in the Complaint, or any relief whatsoever.

46. The allegations set forth in Paragraph 46 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations in Paragraph 46. By way of further response, Synchrony denies that Plaintiff is entitled to any relief claimed in the Complaint, or any relief whatsoever.

## DEFENSES AND AFFIRMATIVE DEFENSES

Synchrony hereby alleges the following separate and distinct defenses and affirmative defenses without conceding that it necessarily bears the burden of proof or persuasion on any of the same.

### FIRST DEFENSE
(Failure to State a Claim)

The Complaint, and each claim therein, fails to set forth facts sufficient to state a claim against Synchrony.

### SECOND AFFIRMATIVE DEFENSE
(Waiver)

Plaintiff's claims are barred by the equitable doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE
(Consent/Acquiescence/Ratification)

Plaintiff acquiesced in, consented to and/or ratified the acts and omissions alleged in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE
(Consistent with Law and Applicable Regulations)

The Complaint and each claim set forth therein are barred because Synchrony's conduct was consistent with all applicable laws and regulations.

## SIXTH AFFIRMATIVE DEFENSE
(Good Faith)

Plaintiff's claims are barred because Synchrony's conduct was at all times undertaken in good faith.

## SEVENTH AFFIRMATIVE DEFENSE
(Mistake)

Any alleged acts or omissions of Synchrony that give rise to Plaintiff's claims are the result of innocent mistake and/or bona fide error despite reasonable procedures implemented by Synchrony.

## EIGHTH AFFIRMATIVE DEFENSE
(No Causation)

Plaintiff is barred, in whole or in part, from recovering from Synchrony on any of Plaintiff's claims because there is no causal relationship between any injury alleged to have been suffered and any act of Synchrony.

## NINTH DEFENSE
(Fault of Plaintiff)

If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions,

activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiff, and not by Synchrony.

## TENTH AFFIRMATIVE DEFENSE
(Fault of Others)

If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by Synchrony.

## ELEVENTH DEFENSE
(No Damages)

Plaintiff did not suffer any damages.

## TWELFTH DEFENSE
(Speculative Damages)

Plaintiff's alleged damages are speculative and not capable of being determined with reasonable certainty.

## THIRTEENTH DEFENSE
(Mitigation)

Plaintiff's claims are barred, in whole or in part, by the failure to exercise reasonable care to mitigate Plaintiff's alleged damages, if any.

## FOURTEENTH DEFENSE
(No Concrete Injury)

Plaintiff suffered no actual "concrete" injury and therefore lacks Article III standing. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016).

## FIFTEENTH DEFENSE
(Truth)

Plaintiff's claims are barred because the information reported by Synchrony was true and accurate.

**SIXTEENTH AFFIRMATIVE DEFENSE**
(Arbitration)

Some or all of Plaintiff's claims may be subject to arbitration in accordance with the terms and conditions of the account and Synchrony reserves the right to compel arbitration pursuant to the terms and conditions of the applicable contractual agreements and/or account terms and conditions.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
(Additional Defenses Reserved)

Synchrony has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, defenses available.  Synchrony expressly reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

**WHEREFORE**, Synchrony respectfully requests the dismissal of the Complaint with prejudice and awarding costs of suit, including attorneys' fees and costs, and all other relief that this Court may deem just and equitable.


Date: August 26, 2020

Respectfully Submitted,

/s/ Avery I. Normyle
Avery I. Normyle
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
Fax. (212) 521-5450
anormyle@reedsmith.com

*Attorneys for Defendant*
*Synchrony Bank*

- 14 -

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on August 26, 2020 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record.

                                          */s/ Avery I. Normyle*
                                          Avery I. Normyle